**Exhibit 2**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **TREVOR D'ANDRADE, on behalf of** ) | |
| **himself and others similarly situated,** ) | **Case No. 11-cv-1800 (RA)** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **JOINT STIPULATION OF** |
| ) | **SETTLEMENT AND RELEASE** |
| **WELLS FARGO BANK, N.A.,** ) | |
| ) | |
| **Defendant** ) | |
| ) | |

THE PARTIES STIPULATE AND AGREE as follows:

1.      This Joint Stipulation of Settlement and Release ("Stipulation of Settlement," "Settlement" or "Agreement") is made and entered into by and between Named Plaintiff Trevor D'Andrade ("Plaintiff" or "Class Representative") and his representatives, heirs, administrators, executors, beneficiaries, agents and assigns, individually and on behalf of the class he represents and Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"), its parent corporations, subsidiaries, divisions, predecessors or successors, affiliated entities, assigns and all agents, current and former employees, officers, directors, owners, stockholders, representatives, insurers and attorneys thereof, and is subject to the terms and conditions hereof and the approval of and confirmation by the Court.

## DEFINITIONS

2.      Plaintiff and Defendant are collectively referred to as "Parties."

3.      "Class Counsel," subject to Court approval, is:

**JOSEPH & KIRSCHENBAUM LLP**

Michael D. Palmer
Matthew Kadushin
233 Broadway, 5th Floor
New York, NY 10279
Telephone:  (212) 688-5640
Facsimile:  (212) 688-2548

4.      "Defendant's Counsel" is:

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

Eric Raphan
Sean Joseph Kirby
Thomas Kaufman
30 Rockefeller Plaza
New York, NY 10112
Telephone:  (212) 653-8700
Facsimile:  (212) 653-8701

5.      The "Settlement Class" or "Settlement Class Members," subject to Court approval,

consists of the Class Representative and all Wells Fargo employees who were employed as

Home Mortgage Consultants or Home Mortgage Consultant Juniors (collectively referred to as

"HMCs") in the state of New York from March 15, 2005 until the date of preliminary approval

of this Settlement or 30 calendar days from the date this Agreement is fully executed by the

Parties, whichever is earlier.

6.      The "Qualified Class Members" consist of Settlement Class Members who do not opt-out

of this Settlement as described in paragraph 57 of this Agreement.

7.      The "Class Period" is from March 15, 2005 until the date of preliminary approval of this

Settlement or 30 calendar days from the date this Agreement is fully executed by the Parties,

whichever is earlier.

8.     The "Settlement Effective Date" is the date on which this Stipulation of Settlement becomes effective which shall occur only upon the completion of all of the following events:

    a.     The Court enters an order(s) ruling upon any motions for awards of an incentive payment to the Class Representative and for attorneys' fees and reasonable costs;

    b.     The Court enters an order granting final approval of the Settlement (the "Final Approval Order," described further in paragraph 66 of this Agreement) and enters a judgment (the "Judgment") dismissing this case with prejudice;

    c.     Expiration of time for appeal of the Judgment and Final Approval Order; and

    d.     Final resolution of any appeal from the Judgment and Final Approval Order.

9.     The "Claims Administrator" refers to Kurzman Carson Consultants LLC.

## BACKGROUND

10.     On March 15, 2011, Plaintiff filed a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") a complaint captioned *Trevor D'Andrade, on behalf of himself and others similarly situated v. Wells Fargo Bank, N.A.* in the United States District Court for the Southern District of New York ("Court"), Case Number 11-cv-1800. The complaint was later amended on May 12, 2011 and September 2, 2011.  (Hereafter, the action shall be referred to as the "Lawsuit".)  The case was assigned to District Court Judge Thomas P. Griesa and was later transferred to District Court Judge Ronnie Abrams.

11.     The Lawsuit alleged, *inter alia*, that Plaintiff and other similarly situated employees who worked for Defendant suffered illegal deductions taken from their wages/commissions.  The Lawsuit set forth four claims for relief: (1) impermissible wage deductions pursuant to New York Labor Law ("NYLL") §193; (2) failure to timely pay wages pursuant to NYLL §191; (3) illegal pay deductions and deductions from wages pursuant to NYLL §198-b; and (4) breach of

contract.   The Lawsuit sought, among other things, reimbursement for illegal deductions, prejudgment interest, liquidated damages, post-judgment interest, and attorneys' fees and costs.

12.     On September 16, 2011, the Court stayed the matter while the Parties attempted to work towards a settlement.

13.     Class Counsel and Defendant's Counsel vigorously investigated the claims against Defendant.   Specifically, the Parties exchanged numerous documents and relevant discovery and vigorously debated the legal and factual issues via conference calls, written communications, and in-person meetings.

14.     Based upon the information and documents exchanged, the Parties were able to determine the specific deductions which would be at issue if the case proceeded to trial ("Marketing Program" and "Trust Loss" deductions) and to assess the merits of Plaintiff's claims regarding these deductions.

15.     As part of the Lawsuit investigation and discovery, Defendant's Counsel provided a calculation of the Marketing Program and Trust Loss deductions taken from Settlement Class Members.   Detailed spreadsheets were later produced which showed each and every Marketing Program and Trust Loss deduction taken from HMCs during the Class Period (as of the date of the spreadsheets' creation).

16.     After considering the strengths and weakness of the claims alleged in the Lawsuit and reviewing all necessary discovery, the Parties reached a tentative settlement, subject to approval and confirmation by the Court.   The Parties now are entering into this detailed, formalized settlement agreement to submit to the Court for preliminary and final approval.

## PRELIMINARY STATEMENT

17.     While the Plaintiff believes the Lawsuit is meritorious, Defendant denies any liability or wrongdoing of any kind whatsoever associated with the claims alleged in the Lawsuit, and further denies that, for any purpose other than settling this Lawsuit, the action is appropriate for class or other representative treatment.

18.     Defendant has conducted an investigation into the allegations raised by the Plaintiff in the Lawsuit and evaluated the information and documents elicited through Defendant's investigation and produced by Plaintiff and has concluded that, despite Defendant's belief that it is not liable for any of the claims asserted in the Lawsuit and that Defendant has good defenses to those claims, Defendant will enter into this Settlement to obtain the conclusive and complete dismissal of the Lawsuit, and to avoid:  (i) the further expense, inconvenience and burden of this Lawsuit, (ii) the distraction and diversion of their personnel and resources, and (iii) the risk and uncertainty of the outcome inherent in any litigation.  Defendant is willing to enter into this Settlement as a means to resolve fully all claims related to the allegations in the Lawsuit.

19.     Plaintiff and Class Counsel have performed a thorough study of the law and facts relating to the claims asserted in the Lawsuit and have concluded, based upon their investigation and discovery, and taking into account the sharply contested issues, the expense and time necessary to pursue the action through further litigation and possible appeals, the risks of further prosecution of the Lawsuit, the uncertainties of the complex litigation, and the substantial benefits to the members of the Settlement Class, that a settlement with Defendant on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class. Plaintiff, on his own behalf and on behalf of each Settlement Class Member, has agreed to settle the Lawsuit on the terms set forth herein.

20.     The Parties agree to cooperate and take all necessary and appropriate steps to dismiss the Lawsuit with prejudice.

21.     This Settlement provides that Defendant will make settlement payments to the Qualified Class Members, according to the formula specified in Paragraph 35 below. The total payment under the Settlement, including all payments to Qualified Class Members, attorneys' fees and costs, the Claims Administrator's costs and fees, and the incentive award to the Class Representative, is Eight Hundred and Fifty Thousand Dollars and no cents ($850,000.00).

## JURISDICTION AND VENUE

22.     Solely for purposes of settling the Lawsuit, the Parties agree not to challenge this Court's exercise of personal jurisdiction over them in the Lawsuit. This Court obtained jurisdiction over the subject matter of the Lawsuit pursuant to 28 U.S.C. § 1332(d). Venue is proper in that a substantial part of the events at issue arose in this judicial district.

23.     After entry of the Judgment and Final Approval Order, the Court shall have continuing jurisdiction over this action solely for purposes of: (a) enforcing the terms and conditions of this Settlement until all payments and obligations contemplated herein have been fully executed; (b) any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the Settlement contemplated thereby; and (c) except as otherwise set forth herein, resolving any dispute that may arise with regard to the terms and conditions of the administration of this Settlement.

24.     The Court shall not have jurisdiction to modify the terms of the Agreement or to increase Defendant's payment obligations hereunder.

## CERTIFICATION OF THE CLASS ACTION

25.    Solely for purposes of settling the Lawsuit, the Parties conditionally stipulate and agree that the requisites for establishing class certification with respect to the Settlement Class have been and are met, and, therefore, for purposes of effectuating this Stipulation of Settlement, the Parties stipulate to class certification.

26.    Class Counsel agrees to promptly apply for preliminary approval of the Settlement and submit a proposed order seeking preliminary approval and, for purposes of settlement, certifying a Rule 23 class action (the "Preliminary Approval Order").   The Parties agree that the Preliminary Approval Order should include:

  a.    Preliminary findings that the Settlement terms are fair and reasonable for purposes of a valid release of the state law class claims;

  b.    Certification of a class action including findings, solely for purposes of settlement, that the Settlement Class meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure;

  c.    Approval of the form and content of the Notice of Proposed Settlement of Class Action Lawsuit, Certification of State Law Class, and Fairness Hearing (the "Class Notice") attached hereto as Exhibit A;

  d.    Authorization for the Claims Administrator to mail the Class Notice to the Settlement Class Members;

  e.    A deadline of Fifteen (15) calendar days after the Court enters an order preliminarily approving the Settlement, for Defendant to provide the Claims Administrator and Class Counsel with the following information about each

Settlement Class Member: (1) name, (2) last known home address, (3) date first employed as an HMC, and (4) date last employed as an HMC;

f.      A deadline of Fifteen (15) calendar days after the Court enters an order preliminarily approving the Settlement, for Defendant to provide the Claims Administrator with the social security numbers for Settlement Class Members;

g.      A deadline of Thirty (30) calendar days after the Court enters the order preliminarily approving the Settlement for the Claims Administrator to mail the Class Notice to the Settlement Class Members at their last known addresses as they are maintained by the Defendant;

h.      A deadline of Ninety (90) calendar days after the Court enters the order preliminarily approving the Settlement for Settlement Class Members to opt-out of, or exclude themselves from the Settlement;

i.      A deadline of Ninety (90) calendar days after the Court enters the order preliminarily approving the Settlement for Settlement Class Members to object to the Settlement;

j.      Appointment of Trevor D'Andrade as the Class Representative of the Settlement Class;

k.      Appointment of Class Counsel as counsel for the Settlement Class; and,

l.      Scheduling a final approval and fairness hearing on the question of whether the proposed Settlement, including payment of attorneys' fees and costs, and the Class Representative incentive award, should be finally approved as fair, reasonable and adequate as to the Settlement Class Members (the "Final Approval and Fairness Hearing").

27.     No later than ten (10) days after filing the Preliminary Approval Motion with the Court, Defendant will, in accordance with the Class Action Fairness Act, ("CAFA"), 28 U.S.C. § 1715(b), serve notice of this proposed settlement upon the United States Attorney General and the attorneys general of every state in which a Settlement Class Member is a resident.

28.     The Parties agree that Rule 23 class certification under the terms of this Settlement is for settlement purposes only.  Nothing in this Settlement will be construed as an admission or acknowledgment of any kind of liability or that any class should be certified in this Lawsuit or in any other action or proceeding.

29.     In the event that this Settlement is not approved by the Court, fails to become effective, or is reversed, withdrawn or modified by the Court:

    a.     The Parties agree to continue to negotiate in good faith to reach an agreement with terms that are acceptable to the Parties and the Court;

    b.     If the Parties are unable to reach an agreement with terms that are acceptable to the Parties and the Court, the Parties may move forward with the Lawsuit as if no settlement had been attempted, with all of the Parties to the action being placed in the same position they were before this Settlement was proposed, negotiated, or agreed upon;

    c.     This Settlement shall have no force or effect;

    d.     This Settlement shall not be admissible in any judicial, administrative or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural;

    e.     The preliminary class certification of the Lawsuit shall automatically be null and void and the fact of it shall not be admissible in any judicial, administrative or

arbitral proceeding for any purpose or with respect to any issue, substantive or procedural;

f.      None of the Parties to this Settlement will be deemed to have waived any claims, objections, defenses or arguments with respect to the issue of class action certification, maintenance of the Lawsuit as a class action, or the merits of the Lawsuit;

g.      If Class Notice was previously distributed, a notice will be provided to Settlement Class Members that the Agreement did not receive final approval and that, as a result, no payments will be made to Settlement Class Members under the Agreement.  Such notice shall be mailed by the Claims Administrator via First Class United States Mail, postage prepaid, to the last address used in mailing the Class Notice; and

h.      The Parties shall jointly bear all expenses incurred by the Claims Administrator.

## **TERMS OF SETTLEMENT**

30.    It is the intention of the Parties that this Settlement shall constitute a full and complete settlement and release of the claims set forth in the Lawsuit and herein, which release shall include in its effect Defendant and all Releasees as defined herein and resolve and satisfy: (a) all "Released Claims" of Qualified Class Members (as described in paragraph 63); (b) All attorneys' fees, litigation expenses, interest, and costs claimed in the Lawsuit, including those approved by the Court; and (c) Any Court-approved incentive award to Plaintiff.

31.    Dismissal:  The Parties agree to cooperate and take all steps necessary and appropriate to dismiss the Lawsuit with prejudice.

32.   <u>Gross Fund Value</u>:  The total payment to be made by Defendant related to or under this Settlement, including payments to be made to the Settlement Class, Class Representative, Class Counsel and Claims Administrator, is Eight Hundred and Fifty Thousand Dollars and no cents ($850,000.00) (the "Gross Fund Value" or "GFV").  Other than the employer's share of payroll taxes, which Defendants must pay in addition to the GFV, Defendants shall not be required to pay any amounts above the GFV under this Settlement or the Lawsuit.  In no event shall the GFV exceed $850,000.00.

33.   <u>Settlement Payments</u>:   The Net Settlement Amount ("NSA") shall be calculated by deducting from the GFV, Class Counsel's attorneys' fees as approved by the Court, the Claims Administrator's costs and fees, and a court-approved Class Representative's incentive award.

34.   Settlement Payments to Qualified Class Members will be paid out of the NSA as set forth below.  (Settlement payments to Qualified Class Members are referred to as "Net Settlement Amount Payments" or "NSA Payments".)   Defendant agrees to pay to each Qualified Class Member an NSA Payment in consideration for the settlement and a release of all claims identified in this Settlement by the Qualified Class Members.

35.   <u>NSA Payment Calculations</u>:

    a.   The NSA Payments shall be calculated as follows:

        i.   For each Qualified Class Member, the number of calendar days in which the individual was employed as an HMC during the Class Period will be calculated by comparing the Qualified Class Member's first day of employment as an HMC during the Class Period to his/her last day of employment as an HMC during the Class Period.

11

ii.    A Qualified Class Member will receive 1 point for each and every calendar day in which s/he was employed as an HMC during the Class Period.

iii.    For each individual Qualified Class Member, the total number of points will be calculated.

iv.    The total number of points for all individual Qualified Class Members will be added together to obtain the "Wells Fargo Point Total."

v.    Each individual Qualified Class Member's total points will be divided by the Wells Fargo Point Total to obtain the individual's "Point Proportion."

vi.    Each individual Qualified Class Member's Point Proportion will be multiplied by the NSA to determine the Class Member's NSA Payment, subject to the following subsection.

vii.    Should any Qualified Class Member's NSA Payment be less than $50, such Class Member shall instead receive the "Alternative Minimum Benefit" of $50; in which case:

    (1)    The number of individuals entitled to the Alternative Minimum Benefit will be multiplied by the Alternative Minimum Benefit ($50) to determine the "Total Alternative Minimum Benefits".

    (2)    The Total Alternative Minimum Benefits will be deducted from the NSA, resulting in the "Revised Net Settlement Amount".

    (3)    The total number of points for all individuals receiving the Alternative Minimum Benefit shall be deducted from the Wells

Fargo Point Total to determine the "Revised Wells Fargo Point Total."

(4)     The points for each individual Qualified Class Member who is not receiving the Alternative Minimum Benefit will be divided by the Revised Wells Fargo Point Total to obtain the individual's "Revised Point Proportion."

(5)     Each individual Qualified Class Member's Revised Point Proportion will be multiplied by the Revised Net Settlement Amount to determine the Class Member's revised NSA Payment.

(6)     Should this calculation result in additional Qualified Class Members qualifying for the Alternative Minimum Benefit, the calculation described above will be repeated until such point as there are no Class Members who will receive less than the Alternative Minimum Benefit.

36.     <u>Tax Treatment of Net Settlement Amount Payments</u>:  The Parties have determined that Fifty percent (50%) of the NSA Payments will be treated as back wages, subject to IRS Form W-2 reporting and, therefore, normal payroll taxes and withholdings will be deducted pursuant to state and federal law, and Defendant will make all required contributions.  Contingent upon a Qualified Class Member cashing his/her settlement payment, the payment representing back wages shall be reported to the IRS and the Qualified Class Member under the Qualified Class Member's name and social security number on an IRS Form W-2.  Fifty percent (50%) of the NSA Payments will be treated as interest and liquidated damages sought in the Lawsuit.  Contingent upon a Qualified Class Member cashing his/her settlement payment, the payment

representing liquidated damages and interest shall be reported to the IRS and the Qualified Class Member under the Qualified Class Member's name and social security number on an IRS Form 1099.  Defendant will pay the employer portion of government-mandated withholdings.  (The employer's portion of government-mandated withholdings is separate and in addition to the Gross Fund Value.)   Aside from the employer portion of government-mandated withholdings, Qualified Class Members are responsible for the appropriate payment of any federal, state and/or local income or employment taxes on the NSA Payments they receive.  Class Counsel and Defendant's Counsel do not intend this Stipulation of Settlement to constitute legal or tax advice regarding any federal, state or local tax issue.  To the extent that this Stipulation of Settlement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.  The tax issues for each Qualified Class Member are unique to him/her, and each Qualified Class Member is advised to obtain tax advice from his or her own tax advisor with respect to any payments resulting from this Settlement.

37.    <u>Class Representative Incentive Award</u>:  Class Counsel will apply to the Court for an incentive award paid out of the Gross Fund Value to Class Representative Trevor D'Andrade, for his service as the Class Representative (the "Incentive Award").  Defendant will not oppose that application.  Subject to final approval and/or modification by the Court, the Class Representative shall be awarded an Incentive Award of Five Thousand Dollars and no cents ($5,000.00).  The Incentive Award is in addition to the NSA Payment to which the Class Representative is entitled pursuant to this Agreement.  This payment shall be reported to the IRS and the Class Representative under the Class Representative's name and social security number on an IRS

Form 1099, and the Class Representative will be responsible for correctly characterizing the payment for tax purposes and for paying any taxes due on the Incentive Award.  The Class Representative agrees to indemnify Defendant and hold it harmless from any and all taxes, penalties and interest imposed and any and all expenses incurred due to the Class Representative's failure to properly pay federal, state, or local taxes that he may owe as a result of his receipt of the Incentive Award.  Class Representative shall provide Defendant with his taxpayer identification number and a Form W-9.  Class Counsel and Defendant's Counsel do not intend this Stipulation of Settlement to constitute legal or tax advice regarding any federal, state or local tax issue.  To the extent that this Stipulation of Settlement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.  The tax issues for the Class Representative are unique to him, and the Class Representative is advised to obtain tax advice from his own tax advisor with respect to any payments resulting from this Settlement

38.     The substance of the Class Representative's application for the Incentive Award is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy and good faith of the settlement of the Lawsuit.  The outcome of the Court's ruling on the application for the Incentive Award shall not terminate this Agreement or otherwise affect the Court's ruling on the motion for judgment and entry of the Final Approval Order.  Any monies not approved by the Court become part of the NSA

39.     Attorneys' Fees and Costs:  Class Counsel will apply to the Court for attorneys' fees to be paid from the GFV.  Defendant will not oppose that application.  Subject to final approval and/or modification by the Court, Class Counsel shall be awarded one-third (1/3) of the GFV, or

Two Hundred and Eighty Three Thousand, Three Hundred Dollars and no cents ($283,300.00) for Attorneys' Fees.  This payment shall be reported to the IRS via a Form 1099 as non-employee income to Class Counsel. The amount awarded will also be utilized by Class Counsel to pay all costs which they have or will incur in prosecuting this case.  Class Counsel has agreed that they will not separately seek reimbursement for incurred costs.

40.     Class Counsel shall provide the Claims Administrator with their taxpayer identification numbers and a Form W-9.

41.     The substance of Class Counsel's application for attorneys' fees is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Lawsuit.  The outcome of any proceeding related to Class Counsel's application for attorneys' fees shall not terminate this Agreement or otherwise affect the Court's ruling on the motion for judgment and entry of the Final Approval Order.  Any monies not approved by the Court become part of the NSA.

42.     Claims Administrator's Costs:  Class Counsel will also apply to the Court for Settlement Administration costs, currently estimated to total Eighteen Thousand, Five Hundred and Ninety Dollars and no cents ($18,590.00).  Defendant will not oppose such application. The outcome of any proceeding related to Class Counsel's application for the Claims Administrator's Costs shall not terminate this Agreement or otherwise affect the Court's ruling on the motion for judgment and final approval of the Settlement.  Any monies not approved by the Court become part of the NSA.

43.     Claims Administrator's Role:   The Claims Administrator shall be responsible for the claims administration process and distributions to Qualified Class Members as provided herein.

The Parties agree to cooperate with the Claims Administrator and assist in any way possible in administering the Settlement.

44.    Net Settlement Amount Payments Do Not Trigger Additional Benefits:  It is expressly understood and agreed that the receipt of the NSA Payments will not entitle any Qualified Class Member to additional compensation or benefits under any company bonus, contest, commission, or other compensation or benefit plan or agreement in place during the period covered by the Settlement, nor will it entitle any Settlement Class Member to any increased retirement, 401(k) benefits or matching benefits, or deferred compensation benefits.  It is the intent of this Settlement that the NSA Payments provided for in this Stipulation of Settlement are the sole payments to be made to the Qualified Class Members, and that the Qualified Class Members are not entitled to any new or additional compensation or benefits as a result of having received the NSA Payments (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

45.    Payment to Settlement Fund:  Defendant shall cause the Settlement Fund of Eight Hundred and Fifty Thousand Dollars and no cents ($850,000.00) to be paid to the Claims Administrator no later than five (5) business days after the Final Approval Order.  The Claims Administrator shall deposit the Settlement Fund entirely into an FDIC insured interest bearing account and interest from such account, net of taxes and fees associated with investing such amount, will become part of the Settlement Fund and be held by the Settlement Claim Administrator in escrow.

46.    Mailing of Settlement Payments:  The Claims Administrator shall cause the NSA Payments and the Incentive Fee Award to be mailed to the Plaintiff and Qualified Class

Members within fifteen (15) calendar days of the Settlement Effective Date, as set forth in Paragraph 8 above.  The Claims Administrator shall cause a check for Class Counsel's attorneys' fees to be mailed to Class Counsel within fifteen (15) calendar days of the Settlement Effective Date.

47.     In the event that the Court does not approve the Settlement, and the basis for the Court's disapproval of the Settlement does not involve a material term of this Stipulation of Settlement, the Parties shall, as set forth in paragraph 29(a) of this Agreement, make good faith efforts to modify this Stipulation of Settlement so as to gain the Court's approval.  In the event that the Court issues an order preliminarily or finally approving the Settlement in a form materially different from the Preliminary or Final Approval Orders contemplated by this Stipulation of Settlement, the Parties shall each have Ten (10) calendar days to withdraw from the Settlement, which may be exercised immediately upon submission of written notice to the other Party and filing with the Court.  If either Party chooses to exercise the right to withdraw as set forth in this paragraph, the Settlement shall be null and void for all purposes, the Parties shall be restored, without prejudice, to their respective pre-settlement litigation positions, and the terms of paragraph 29 of this Agreement shall apply.

## SETTLEMENT CHECKS

48.     The Claims Administrator shall insert on the back of each Settlement Check language that states the following:  "By depositing this check, I acknowledge that I am releasing the Releasees from all New York state law claims asserted in *D'Andrade v. Wells Fargo Bank, N.A.* arising at any point from March 15, 2005 until the date of preliminary approval of the Settlement in *D'Andrade v. Wells Fargo Bank, N.A.*"

49.     The Qualified Class Members will have Two Hundred and Forty (240) calendar days after the first mailing of the settlement checks by the Claims Administrator to cash their settlement payments.  If Qualified Class Members do not cash their settlement payment checks within the Two Hundred and Forty (240) day period, their settlement checks will be voided and a stop-payment will be placed.  In such event, Defendant and the Claims Administrator will wait an additional One Hundred and Twenty Five (125) calendar days for the Qualified Class Member to request a replacement check.

50.     Should a Qualified Class Member not cash his/her settlement check (or replacement settlement check) within Three Hundred and Sixty Five (365) calendar days of the original mailing of the checks s/he will be deemed to have waived irrevocably any right in or claim to a NSA Payment, but this Settlement, and the Release provisions contained herein, nevertheless will be binding upon him/her.

51.     Any amounts remaining in the NSA fund because Qualified Class Members do not cash their settlement checks within Three Hundred and Sixty Five (365) calendar days of the mailing of the settlement checks or due to the Claims Administrator's inability to locate a Class Member, shall be paid over, *cy pres*, to a charity selected by Class Counsel acceptable to Defendant, whose consent shall not unreasonably be withheld.

### NOTICE TO THE SETTLEMENT CLASS ("NOTICE PROVISION")

52.     Within Fifteen (15) calendar days after the Court enters the Preliminary Approval Order, Defendant will provide to the Claims Administrator the following information about each Settlement Class Member: (1) name, (2) last known home address, (3) social security number, (4) date first employed as an HMC, and (5) date last employed as an HMC.  A copy of this information (excluding the social security numbers) will also be provided to Class Counsel.

53.     Within Thirty (30) calendar days after the Court enters the Preliminary Approval Order, and subject to the approval of the Court, the Claims Administrator will mail the Class Notice in the form attached hereto as Exhibit "A" to each Settlement Class Member, by first class mail. The Class Notice will inform the Settlement Class Members of the right and procedure by which they may object to or opt-out of the Settlement.

54.     Should a Class Notice be returned undeliverable, the Claims Administrator shall use the Settlement Class Member's social security number solely for the purpose of performing a skip-trace to ascertain the Settlement Class Member's current address.   The Claims Administrator shall perform appropriate, customary and lawful database searches to locate a current address as to any Class Notices returned as undeliverable.   If a current address is located, the Claims Administrator shall promptly re-mail the Class Notice to the Settlement Class Member.   Any returned envelopes from the initial mailing with forwarding addresses will be used by the Claims Administrator to locate missing Settlement Class Members.

55.     If mailed Class Notices are returned as undeliverable after skip-tracing has been performed with respect to a particular Settlement Class Member, it shall be presumed that the Settlement Class Member cannot be located by mail.   Mailing of the Class Notices shall be deemed sufficient notice under the law.

56.     The Claims Administrator will attach the Cover Letter attached hereto as Exhibit B to the Class Notice.  The Cover Letter specifies as to each Settlement Class Member the time period in which he/she was employed by Wells Fargo as an HMC.   Settlement Class Members will have Sixty (60) calendar days after the Court enters the Preliminary Approval Order to contact Class Counsel and dispute the information set forth in the Cover Letter.   If a Class Member timely contacts Class Counsel and disputes the information set forth in the Cover Letter, Class Counsel

shall seek to resolve the dispute in conjunction with Defendant's Counsel and Defendant. Defendant's regularly maintained business records shall be deemed to control in the event of such a dispute.

57.     Exclusion or Opt-Out.  Settlement Class Members may opt out of, or exclude themselves from the Settlement Class under Rule 23 by mailing to the Claims Administrator a signed, written Exclusion Statement, post-marked not more than Ninety (90) calendar days after the Court enters the Preliminary Approval Order, which expresses the Settlement Class Member's intent to be excluded from the Settlement Class.  Exclusion Statements that are not signed, do not clearly identify the Settlement Class Member's name and/or intent to be excluded from the Lawsuit, or that are not submitted on a timely basis, shall be deemed null, void, and ineffective, and the Claims Administrator shall send the Settlement Class Member who submits such a null, void, and ineffective Exclusion Statement a written explanation of the inefficiencies and provide the Settlement Class Member with an opportunity to cure the Exclusion Statement within the time remaining to submit Exclusion Statements.  Settlement Class Members who are eligible to and do submit valid and timely Exclusion Statements will not participate in the Settlement, nor will they be bound by the terms of the Settlement or the final judgment in this Lawsuit.  Any Settlement Class Member who fails to exclude him/herself from the Settlement pursuant to this Paragraph will become a Qualified Class Member and designates the Class Representative as his/her representative to make decisions on his/her behalf concerning his/her New York state law claims against Defendant set forth in the Lawsuit.  Any Settlement Class Member who fails to exclude him/herself from the Settlement will be deemed a participant whose rights and claims are determined by the terms of this Settlement, including the release provisions of this Settlement, as approved or modified by the Court.  Settlement Class Members who are eligible to

and do submit valid and timely Exclusion Statements shall be permitted to rescind their Exclusion Statements in writing by submitting a signed Rescission Statement to Class Counsel – who shall provide a copy to Defendant's Counsel – so as to be received not later than Five (5) business days prior to the Court's Final Approval and Fairness Hearing or as otherwise ordered by the Court.  If the total number of Class Members who opt out of the Settlement Class exceeds Ten Percent (10%) of the total number of Class Members, Defendant shall have the right, in its sole discretion, to rescind and void this Settlement at any time prior to final approval by the Court by giving written notice to Class Counsel and the Court.  Any expenses incurred by the Claims Administrator prior to or in connection with this revocation shall be borne jointly by the Parties.

58.    <u>Objections</u>.  Settlement Class Members who wish to present objections to this proposed settlement must do so in writing or appear in person at the Final Approval and Fairness Hearing. Those who wish to object in writing must state the basis of the objection and mail the objection to the Claims Administrator postmarked Ninety (90) calendar days after the Court enters the Preliminary Approval Order.  Settlement Class Members shall be permitted to withdraw their objections in writing by submitting a signed statement of withdrawal to Class Counsel – who shall provide a copy to Defendant's Counsel – so as to be received not later than Five (5) business days prior to the Court's Final Approval and Fairness Hearing, or as otherwise ordered by the Court.  Any Settlement Class Member who has submitted an Exclusion Statement may not submit objections to the Settlement.

59.    The Claims Administrator shall provide summary reports to Class Counsel and Defendant's Counsel identifying the names of those Settlement Class Members who have submitted opt-out/exclusion statements and the names of the employees whose mailings have

been returned as undeliverable.  The first summary report shall be provided within Sixty (60) calendar days after the Court enters the Preliminary Approval Order.  A final summary report shall be provided within One Hundred and Five (105) calendar days after the Court enters the Preliminary Approval Order.

60.     Upon receipt of any opt-out/exclusion statement, challenge, objection, or the withdrawal of an objection or opt-out/exclusion statement, the Claims Administrator shall stamp the date received on the original and immediately e-mail a copy of the document(s) to Class Counsel and Defendant's Counsel.

61.     Within One Hundred and Five (105) calendar days after the Court enters the Preliminary Approval Order, the Claims Administrator shall provide to Class Counsel and Defendant's Counsel a report listing the amount of all NSA Payments to be made to the Class Representative and to all Qualified Class Members.

62.     Within One Hundred and Five (105) calendar days after the Court enters the order preliminarily approving the Settlement, the Claims Administrator will be required to provide Class Counsel and Defendant's counsel with a declaration of due diligence and proof of mailing of the Class Notice.  At least Seven (7) calendar days prior to the final approval and fairness hearing, Class Counsel shall file with the Court the Claims Administrator's declaration of due diligence and proof of mailing of the Class Notice.

## RELEASE BY THE NAMED PLAINTIFF AND THE CLASS

63.     Upon the final approval by the Court of this Stipulation of Settlement, and except as to such rights or claims as may be created by this Stipulation of Settlement, each Qualified Class Member fully releases and discharges Wells Fargo, N.A. and each of its present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors,

employees, owners, members, managers, co-joint venture, employees, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them (collectively, "Releasees") from all New York state law claims that were, or could have been, alleged in the Lawsuit that Qualified Class Members suffered illegal deductions taken from their wages/commissions, including the asserted claims for relief under NYLL §§ 191, 193, 198-b and New York contract law (as more fully described in the Lawsuit and in paragraph 11 of this Agreement), and all derivative claims for prejudgment interest, liquidated damages, post-judgment interest, and attorneys' fees and costs, arising at any point from March 15, 2005 until the date of preliminary approval of this Settlement. ("Released Claims").  Plaintiff and Qualified Class Members are not releasing any claims under this Settlement other than the Released Claims.

64.     Except as permitted in paragraph 82, upon the final approval by the Court of this Stipulation of Settlement, Class Counsel and the Class Representative, on behalf of the Settlement Class and each individual Qualified Class Member, irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendant for attorneys' fees or costs associated with Class Counsel's representation of the Plaintiff and the Settlement Class in this Lawsuit.  Class Counsel further understand and agree that except as permitted in paragraph 82, any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of the Plaintiff and Settlement Class Members in this Lawsuit.

65.     If the Settlement is approved by the Court and not otherwise terminated, the Court will enter judgment dismissing the Lawsuit with prejudice, and bar and permanently enjoin all

Qualified Class Members from participating in any individual or class lawsuit against the Releasees, or any of them, concerning the Released Claims.  Those Settlement Class Members who timely and validly opt-out of this Settlement retain all rights to pursue or participate in claims or actions against the Releasees, or any of them.

### DUTIES OF THE PARTIES FOLLOWING PRELIMINARY APPROVAL

66.     Following preliminary approval of the Settlement, as provided for in this Agreement, but prior to the final approval and fairness hearing the Class Counsel will submit a proposed Final Approval Order:

a.      Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate and binding on all Qualified Class Members and directing consummation of its terms and provisions;

b.      Certifying the Lawsuit as a Rule 23 class action for purposes of settlement;

c.      Approving Class Counsel's application for an award of attorneys' fees in accordance with this Settlement, unless otherwise directed by the Court;

d.      Approving the Incentive Award in accordance with this Settlement, unless otherwise directed by the Court; and

e.      Entering Judgment in accordance with the terms of this Agreement, dismissing this action on the merits and with prejudice, and permanently barring all Qualified Class Members from prosecuting against Defendant and the Releasees any Released Claim.

## MUTUAL FULL COOPERATION

67.     The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Stipulation of Settlement.  The Parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein.  As soon as practicable after execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and cooperation of Defendant, take all necessary steps to secure the Court's final approval of this Stipulation of Settlement.

68.     Defendant agrees that they will not attempt to discourage Settlement Class Members from participating in this Settlement.

## NO PRIOR ASSIGNMENTS

69.     The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

## NO ADMISSION

70.     By entering into this Agreement, Defendant in no way admits any violation of law or any liability whatsoever to Plaintiff and/or the Settlement Class, individually or collectively, all such liability being expressly denied.  Likewise, by entering into this Agreement, Defendant in no way admits to the suitability of this case for class or collective action litigation other than for purposes of settlement.  Rather, Defendant enters into this Agreement to avoid further protracted

litigation and to resolve and settle all disputes with Plaintiff and the Settlement Class.  Settlement of the Lawsuit, negotiation and execution of this Agreement and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendant or of the truth of any of the factual allegations in any and all Complaints, Amended Complaints, or other papers filed in the Lawsuit; (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendant in any civil, criminal, administrative or arbitral proceeding; and (c) are not, shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for class certification.  The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret or enforce the terms of the Agreement.

## CAPTIONS AND INTERPRETATIONS

71.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision hereof.  Each term of this Settlement is contractual and not merely a recital.

72.     The Parties agree the terms and conditions of this Settlement are the result of lengthy, intensive, arms-length negotiations, and this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Settlement.

## MODIFICATION

73.     This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto and approved by the Court.  This Stipulation of Settlement may

not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

74.     This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are superseded by this Settlement.  No rights hereunder may be waived except in writing signed by the Parties and then only to the extent set forth in such writing, subject to any required Court approval.  Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.  This is an integrated agreement.

## BINDING ON ASSIGNS

75.     This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

## CLASS SIGNATORIES

76.     It is agreed that because the number of Settlement Class Members is so numerous, it is impossible or impractical to have each Settlement Class Member execute this Stipulation of Settlement and as a result, Class Counsel and the Class Representative may sign on their behalf. The Class Notice will advise all Settlement Class Members of the binding nature of the release,

and the release shall have the same force and effect as if this Stipulation of Settlement were executed by each Qualified Class Member.

## NOTICES

77.     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the Third (3rd) business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

| To Plaintiff, by Class Counsel: | To Defendant, by Defense Counsel: |
|---|---|
| Michael D. Palmer<br>Matthew Kadushin<br>JOSEPH & KIRSCHENBAUM  LLP<br>233 Broadway, 5th Floor<br>New York, NY 10279<br>Telephone:  (212) 688-5640<br>Facsimile:  (212) 688-2548 | Eric Raphan<br>Sean Joseph Kirby<br>Thomas Kaufman<br>SHEPPARD, MULLIN, RICHTER &<br>HAMPTON LLP<br>30 Rockefeller Plaza<br>New York, New York 10112<br>Telephone:  (212) 653-8700<br>Facsimile:   (212) 653-8701 |

## CHOICE OF LAW

78.     All questions with respect to the construction of this Settlement and the rights and liabilities of the Parties shall be governed by New York State law without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

## INCORPORATION OF EXHIBITS

79.     All exhibits attached hereto are incorporated by reference as if fully set forth herein.

## VOLUNTARY AND KNOWING AGREEMENT

80.     Each of the Parties covenants that he, she or it has not entered into this Agreement as a result of any representation, agreement, inducement, or coercion, except to the extent specifically provided herein.  Each of the Parties further covenants that the consideration recited herein is the only consideration for entering into this Agreement and that no promises or representations of another or further consideration has been made by any person.

## MISCELLANEOUS

81.     Following the entry of the Final Approval Order, if any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

82.     In the event that one or more of the Parties institutes any legal action, arbitration, or other proceeding against any other Party to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, incurred in connection with any enforcement actions.

## EFFECTIVE DATE/COUNTERPARTS/ELECTRONIC SIGNATURES

83.    This Agreement may be executed in counterparts with signatures transmitted by facsimile or electronic mail.  When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.  This Agreement shall become effective upon the Settlement Effective Date.

PLAINTIFF TREVOR D'ANDRADE
and PLAINTIFF CLASS, by
PLAINTIFF AND CLASS
COUNSEL:

By: _____
        Trevor D'Andrade

DEFENDANT WELLS FARGO N.A.
by DEFENDANT:

By: _____
        GREGORY GWIEDS
        On behalf of Wells Fargo N.A.

JOSEPH & KIRSCHENBAUM LLP

By: _____
        Michael D. Palmer
        Matthew Kadushin
        233 Broadway, 5th Floor
        New York, NY  10279
        Phone: 212-688-5640
        Fax: 212-688-2548
        mpalmer@jhllp.com
        Attorneys for Plaintiff and proposed
        settlement class members

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP

By: _____
        Eric Raphan
        Sean Joseph Kirby
        Thomas Kaufman
        30 Rockefeller Plaza
        New York, New York 10112
        Telephone:  (212) 653-8700
        Facsimile:  (212) 653-8701
        Attorneys for Defendant

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TREVOR D'ANDRADE, on behalf of himself and others similarly situated, | ) ) ) | Case No. 11-cv-1800 (RA) |
| Plaintiff, | ) ) ) | NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT, |
| v. | ) ) | CERTIFICATION OF STATE LAW CLASS, AND FAIRNESS HEARING |
| WELLS FARGO BANK, N.A., | ) ) | |
| Defendant | ) ) | |

TO:   ALL PERSONS WHO WORKED FOR WELLS FARGO AS HOME MORTGAGE
CONSULTANTS OR HOME MORTGAGE CONSULTANT JUNIORS IN THE STATE
OF NEW YORK BETWEEN MARCH 15, 2005 AND _____ [the date of preliminary
approval of the Settlement or 30 calendar days from the date the Settlement is executed,
whichever is earlier].

### PLEASE READ THIS NOTICE CAREFULLY

You may be a Settlement Class Member who is eligible to receive money under a proposed class
action settlement.  You should read this Notice carefully.

If you are eligible, the Plaintiff and Defendant encourage you to participate in this Settlement.
Defendant will not retaliate against any current or former Home Mortgage Consultants or Home
Mortgage Consultant Juniors (collectively, "HMCs") who receive this notice and/or claim their share of
this Eight Hundred and Fifty Thousand Dollars ($850,000.00) settlement.

The Court decided that the lawyers at the law firms Joseph & Kirschenbaum LLP are qualified to
represent you and all Settlement Class Members.  These lawyers have been designated as "Class Counsel"
in this lawsuit.  **If you have any question regarding this notice, or questions concerning the
calculation of your share of the settlement fund, contact Class Counsel:  Michael D. Palmer or
Matthew Kadushin, JOSEPH, & KIRSCHENBAUM LLP, 233 Broadway, 5th Floor, New York,
NY 10279; Tel: (212) 688-5640; Fax: (212) 688-2548; mpalmer@jhllp.com, matthew@jhllp.com.**

### IMPORTANT DEADLINES

•    **Last Day To "Opt-Out" Of The Settlement Class: _____**

•    **Last Day To Object To The Settlement: _____**

•    **Fairness Hearing: _____ at __:__ _.m.**

## WHAT IS A CLASS ACTION?

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. One or more representative plaintiffs, also known as "class representatives," file a lawsuit asserting claims on behalf of the entire class. In this case, the class consists of all individuals who were employed as Home Mortgage Consultants or Home Mortgage Consultant Juniors ("HMCs") in the state of New York from March 15, 2005 until _____ [the date of preliminary approval of the Settlement or 30 calendar days from the date the Settlement is executed, whichever is earlier] (the "Class Members").

## WHAT IS THE PURPOSE OF THIS NOTICE?

The Honorable Ronnie Abrams has ordered that this Notice be sent to you because you may be a Class Member. The purpose of this Notice is to inform you:

- • Of your potential right to money under the Settlement;

- • That the Settlement Class has been certified and that if you do not "opt-out" of the Settlement Class you will be bound by the terms of the Settlement and release your right to sue Defendant for alleged illegal pay deductions, arising at any point from March 15, 2005 until _____ [the date of preliminary approval of the Settlement];

- • Of your right to "opt-out" of the Settlement Class and not be bound by the Court's judgment in this matter and the terms of the Settlement;

- • Of your right to file objections to the Settlement.

## WHAT IS THIS CASE ABOUT?

This action, commenced on or about March 15, 2011, was brought by an individual who previously performed work for Wells Fargo as an HMC and was filed as a class action lawsuit against Defendant in the United States District Court for the Southern District of New York, Case No. 11-cv-1800.  The lawsuit alleged that Defendant improperly took deductions from HMCs' wages for expenses, including for the cost of home appraisals and credit checks.  More specifically, the lawsuit set forth four claims for relief: (1) impermissible wage deductions pursuant to New York Labor Law ("NYLL") §193; (2) failure to timely pay wages pursuant to NYLL §191; (3) illegal pay deductions and deductions from wages pursuant to NYLL §198-b; and (4) breach of contract.  The Lawsuit sought, among other things, reimbursement for illegal deductions, prejudgment interest, liquidated damages, post-judgment interest, and attorneys' fees and costs.

Defendant denies these allegations and deny that it violated the law in any way.

## WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT?

The parties have agreed to settle this matter for the total sum of Eight Hundred and Fifty Thousand Dollars and no cents ($850,000.00) (including attorneys' fees, claims administrator's costs, and an incentive award for the named plaintiff who commenced this Lawsuit).

## MONETARY PAYMENT

If the Settlement is given final approval by the Court, Defendant will pay a total of Eight Hundred and Fifty Thousand Dollars and no cents ($850,000.00).  If the Court also approves the payments set forth below, the following payments and expenses will be deducted from the $850,000.00 prior to distribution of the settlement funds to the Class Members:

- Incentive Award: If the Court approves such payment, Five Thousand Dollars and no cents ($5,000.00) will be paid out to Class Representative Trevor D'Andrade. This payment is being sought to compensate this individual for his time, effort and burden in prosecuting this case on behalf of the Settlement Class.

- Attorneys' Fees: Class Counsel will apply to the Court for attorneys' fees in the amount of one-third (1/3) of the total class recovery, which amounts to a total of Two Hundred and Eighty Three Thousand, Three Hundred Dollars and no cents ($283,300.00).  This amount will be requested given the significant number of hours that Class Counsel spent in pursuing this case on behalf of the Class Members, the risks that Class Counsel took that no fees would be recovered, and the result achieved for the Class Members.

- Claims Administrator's Costs: Kurzman Carson Consultants LLC has been hired to handle the administration of class notice, claims, and distribution of settlement checks to Class Members.  Class Counsel will make an application to the Court for the Claims Administrator's Costs which are currently estimated to total Eighteen Thousand, Five Hundred and Ninety Dollars and no cents ($18,590.00).

If the Court approves these payments, the remaining amount in settlement funds (approximately $543,110) in settlement funds will be distributed according to the method set forth in the "How Will My Share Be Calculated" section, below.

## DISMISSAL OF CASE AND RELEASE OF CLAIMS

In exchange for the payment set forth above, this action will be dismissed with prejudice, and the Class Members will fully release and discharge Defendant from any claims for illegal pay deductions under New York state laws, arising at any point from all New York state law claims that were, or could have been, alleged in the lawsuit that you suffered illegal deductions taken from your wages/commissions, including the asserted claims for relief under NYLL §§ 191, 193, 198-b and New York contract law, and all derivative claims for prejudgment interest, liquidated damages, post-judgment interest, and attorneys' fees and costs, arising at any point from March 15, 2005 until the date of preliminary approval of this Settlement.

**It is very important that you understand the terms of the Release. If you have any questions concerning the release of your claims against Defendant, you may wish to contact Class Counsel regarding the scope of the Release.**  When the claims for illegal pay deductions are dismissed with prejudice, that means the Court will not consider these claims any further; in other words, the case is over.

## WHAT ARE YOUR OPTIONS?

You have several options. Make sure you read this section carefully.

1.     **Participate in the Settlement:**

If you are a Settlement Class Member and do not opt-out of this Settlement, you will recover a share of the Settlement funds.  In other words, you do not have to do anything to recover a share of the Settlement funds.

**2.      Opt-Out of the Settlement Class:**

If you do not want to participate in the Settlement, or if you want the right to pursue your own lawsuit for pay deductions, you must opt-out of the Settlement.  If you do not opt-out, you will be bound by the terms of this Settlement.  To opt-out you must send a <u>signed</u> letter which includes your name (and, if applicable, former name) and clearly state that you are electing to opt-out of the Settlement Class in *D'Andrade v. Wells Fargo*.  Any such written exclusion must be post-marked no later than _____[90 days after the Court Preliminarily Approves the Settlement].  If you chose to opt-out of the Settlement, you cannot object to the Settlement. If you choose to opt-out, send your letter to:

| [Insert Claims Administrator's Address] |
| --- |

Should a person ask to be excluded from the settlement, s/he is permitted to retract the request to opt-out by submitting a <u>signed</u> letter to Class Counsel (address provided on the first page of this Notice) which includes the individual's name (and, if applicable, former name) and clearly states the individual's desire to withdraw his/her opt-out from the Settlement Class in *D'Andrade v. Wells Fargo*, so as to be <u>received</u> no later than _____[Five (5) Business Days Prior to Final Approval and Fairness Hearing].

**3.      Objecting to the Settlement:**

If you wish to comment on, or object to, the proposed Settlement, the proposed Plan of Allocation, or the applications for an incentive award and attorneys' fees, you may do so.  Written comments or objections must be postmarked no later than _____[90 days after the Court Preliminarily Approves the Settlement], and sent to the address below:

| [Insert Claims Administrator's Address] |
| --- |

You are not required to submit a comment or objection.

## <u>DO I HAVE TO COME TO THE FAIRNESS HEARING?</u>

No.  Class Counsel will represent you at the hearing.  You are welcome to come at your own expense.  If you send an objection, you do not have to come to Court; as long as you mailed your written objection on time, the Court will consider it.  You may also retain your own attorney and pay him/her to attend to the hearing if you so chose, but it is not necessary.

## <u>HOW WILL MY SHARE BE CALCULATED IF I PARTICIPATE?</u>

Each Settlement Class Member who does not opt-out of the settlement class will receive a share of the funds that remain after the deductions of the incentive award, attorneys' fees, and claims administrator's costs, as detailed above ("Net Settlement Amount").  Your share will depend on the how long you worked as an HMC and will be calculated as follows:

(1)      Each Settlement Class Member will receive 1 point for each and every calendar day in which s/he was employed as an HMC during the Class Period.

(2)     For each individual Settlement Class Member, the total number of points will be calculated.

(3)     The total number of points for all Settlement Class Members will be added together to obtain the total aggregate number of points for ALL Settlement Class Members.  This is the "Wells Fargo Point Total."

(4)     Each individual Settlement Class Member's total points will be divided by the Wells Fargo Point Total to obtain the individual Class Member's "Point Proportion."

(5)     Each individual Settlement Class Member's Point Proportion will be multiplied by the Net Settlement Amount to determine the Settlement Class Member's pro-rata share of the Net Settlement Amount.

The parties have also agreed to a $50.00 floor payment.  Consequently, all Settlement Class Members who do not opt-out – including those who worked for Wells Fargo for less than a week – are guaranteed *at minimum* a payment of $50.00 (before taxes).

## HOW CAN I OBTAIN MY PAYMENT?

You do not need to do anything to receive the payment identified above, but will not receive the payment identified above if you opt-out of the Settlement Class as set forth on page ___ of this Notice under the section entitled "Opt-Out of the Settlement Class."

## UNCASHED CHECKS

After the Court enters final approval of the settlement and the Settlement has become effective, Settlement checks will be mailed to the individual Settlement Class Members who did not opt-out.

You will have Two Hundred and Forty (240) calendar days after the mailing of the Settlement checks to cash your Settlement check.  If you do not cash your Settlement check within the 240 day period, the check will be voided and a stop-payment will be placed.  In such event, Defendant will wait an additional One Hundred and Twenty Five (125) calendar days for the Settlement Class Member to request a replacement check.

Should you not cash your Settlement check within Three Hundred and Sixty Five (365) calendar days of the original mailing of the checks, you will be deemed to have irrevocably waived any right to claim your share in the settlement; nevertheless, the Settlement will continue to be binding upon you, and your release of illegal pay deduction claims against Defendant will remain in effect.

## TAX TREATMENT

For tax purposes, half of the payment will be considered back wages subject to lawful deductions and W-2 reporting and half will be considered liquidated damages and interest subject to 1099 reporting. At the end of the fiscal year, each Settlement Class Member who has cashed a check will be issued an IRS Form W-2 for that portion of the Settlement Class Member's settlement payment which is being treated as wages.  For this amount, normal payroll taxes and withholdings will be deducted pursuant to state and federal law.  At the end of the fiscal year, each Settlement Class Member who has cashed a check will be issued an IRS Form 1099 for the remaining portion of the Settlement Class Member's settlement payment which is being treated as liquidated damages and interest.  Other than the employer's portion of payroll taxes and withholdings, Settlement Class Members are responsible for the appropriate

payment of any federal, state and/or local income or employment taxes on the payments they receive. Class Counsel and Defendant's Counsel do not intend this Notice to constitute legal or tax advice regarding any federal, state or local tax issue.  To the extent that this Notice is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.  The tax issues for each Settlement Class Member are unique to him/her, and each Settlement Class Member is advised to obtain tax advice from his or her own tax advisor with respect to any payments resulting from this Settlement.

## <u>EXAMINATION OF PLEADINGS AND PAPERS / ADDITIONAL INFORMATION</u>

This Notice does not contain all of the terms of the proposed Settlement or all of the details of the underlying Lawsuit. For more detailed information, you are advised to refer to the Lawsuit documents on file with the Court. This file may be inspected during the hours of each Court business day at the Office of the Clerk of the Court, United States Courthouse, 500 Pearl St., New York, NY 10007-1312.

Additionally, if you have questions about this Notice, or want additional information, you can contact Class Counsel: Michael D. Palmer or Matthew Kadushin, Joseph & Kirschenbaum LLP, 233 Broadway, 5th Floor, New York, NY 10279; Tel: (212) 688-5640; Fax: (212) 688-2548; mpalmer@jhllp.com, matthew@jhllp.com.

**Exhibit B**

[ ], 2013

    **Re:**  ***D'Andrade v. Wells Fargo Bank, N.A..***
        **Case No. 11-cv-1800 (RA)**

        **EMPLOYMENT AS A WELLS FARGO HOME MORTGAGE CONSULTANT OR HOME MORTGAGE CONSULTANT JUNIOR**

Dear _____:

   As set forth in the attached Notice of Proposed Settlement of Class Action Lawsuit, Certification of State Law Class, and Fairness Hearing (the "Notice"), the records of Wells Fargo indicate that you worked in New York as a Home Mortgage Consultant or Home Mortgage Consultant Junior ("HMC") during the Class Period, from March 15, 2005 through _____ [the date of preliminary approval of the Settlement or 30 calendar days from the date the Settlement is executed, whichever is earlier].

   The parties in the case referenced in the documents accompanying this letter have settled a lawsuit (the "Settlement") in which you have been deemed a Settlement Class Member.  As more fully explained in the Notice, you have the following ways of responding to this letter:

  1. If you do nothing in response to this letter and the accompanying Notice, you will receive a settlement check for your share of the Settlement and will be bound by the release of New York state law claims for illegal pay deductions, arising at any point from March 16, 2005 until _____ [the date of preliminary approval of the Settlement].

  2. If you wish to exclude yourself from the Settlement, you must follow the "opt-out" procedure set forth in the Notice, in which case you will not receive any share of the Settlement nor will you be bound by the Settlement terms in any way.

   If you remain in the Settlement Class, your individual settlement allocation will be calculated based upon the number of days you were employed as an HMC during the Class Period, as further described in the Notice.

   Based upon Wells Fargo's payroll records, you were employed as an HMC from approximately _____ until _____.

   Please contact Class Counsel (Michael D. Palmer or Matthew Kadushin, JOSEPH & KIRSCHENBAUM LLP, 233 Broadway, 5th Floor, New York, NY 10279; Tel: (212) 688-5640; Fax: (212) 688-2548) on or before [60 days after the Court Preliminarily Approves the Settlement] if you have any questions regarding the information in this letter.

   Thank you for your attention to this matter.